## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **METHUSELAH Z.O. BRADLEY, et al.** | : | **CIVIL ACTION** |
| | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | **NO. 07-1255** |
| | : | |
| **CHOICEPOINT SERVICES, INC.** | : | |
| **AND CHOICEPOINT, INC.** | : | |
| | : | |
| Defendant | : | |

**Diamond, J.**                                                                                      **September 27, 2007**

### MEMORANDUM

Six individual Plaintiffs bring the instant action under the Fair Credit Reporting Act and related statutes against two credit reporting agencies, Defendants Choicepoint Services, Inc. and Choicepoint, Inc.  15 U.S.C. § 1681 *et seq*.  Defendants have moved to sever, arguing that these are six separate actions.  I agree and grant Defendants' Motion.


## I.    FACTUAL BACKGROUND

Plaintiffs are Lori M. Abate, Methuselah Z.O. Bradley, V, Christopher W. Shepard, Shadee Abusaab, Robert Riley, and Anna Pires.  On March 28, 2007, they filed the instant action, charging that Defendants reported derogatory and inaccurate information to various credit bureaus about Plaintiffs and their credit histories.  (Doc. No. 1 at 3.)  Plaintiffs allege that they disputed the inaccurate information, but that Defendants failed to investigate or correct the errors.

1

(Id. at 3-4.)  Defendants allegedly also have indicated that they intend to continue publishing the inaccurate information.  (Id.)  Because of Defendants' wrongful actions, Plaintiffs allege that they were denied various loans and extensions of consumer credit.  (Id. at 4-5.)

Plaintiffs charge that Defendants violated the FCRA, and are liable for defamation, negligence, and invasion of privacy/false light. (Doc. No. 1.)  Plaintiffs Bradley and Abusaab also allege that Defendants violated Pennsylvania's Unfair Trade Practices and Consumer Protection law.  73 P.S. § 201.1 *et seq.*  (Doc. No. 1.)

Remarkably, each Plaintiff has also filed in this Court an identical individual action against the credit bureaus that received and published Choicepoint's inaccurate information.  See Abate v. Trans Union, LLC, No. 2:06-cv-02991; Abusaab v. Equifax Info. Serv., LLC, No. 2:05-cv-05094; Bradley v. Experian Info. Solutions, Inc., No. 2:05-cv-05509; Pires v. Trans Union, LLC, No. 2:06:cv-002053; Riley v. Experian Info. Solutions, Inc., No. 2:05-cv-05367; Shepard v. Trans Union, LLC, No. 2:05-cv-05364.  Indeed, it appears that Plaintiffs have "cut and pasted" these earlier Complaints to create the instant Complaint.

On August 31, 2007, Defendants moved to sever the instant action into six individual lawsuits.  (Doc. No. 20.)

### III.    LEGAL STANDARDS

Fed. R. Civ. P. 21 authorizes courts to sever misjoined parties:

> Misjoinder of parties is not ground for dismissal of an action.  Parties
> may be dropped or added by order of the court on motion of any party or

of its own initiative at any stage of the action and on such terms as are just.  Any claims against a party may be severed and proceeded with separately.

"A district court has broad discretion in deciding whether to sever a party pursuant to [Rule] 21." Boyer v. Johnson Matthey, Inc., No. Civ.A. 02-CV-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004).

In determining whether parties are misjoined, I must apply Fed. R. Civ. P. 20(a), which provides:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added).  Joinder is proper under this Rule only if two requirements are met: "[1] plaintiffs' claim must arise from the same transaction or occurrence or series of transactions and [2] be based upon a common issue of fact or law." Simmons v. Wyeth Labs., 1996 WL 617492, at *3 (E.D. Pa. Oct. 24, 1996).  "Courts generally apply a case-by-case approach in determining whether a particular factual situation meets the same transaction or occurrence test." Miller v. Hygrade Food Prods. Corp., 202 F.R.D. 142, 144 (E.D. Pa. 2001).   In determining whether multiple claims arise from the same transaction or occurrence, courts look to whether a "logical relationship" exists among the claims.  See Miller v. Hygrade Food Prods. Corp., 202 F.R.D. 142, 144 (E.D. Pa. 2001) (citing Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)).  A logical relationship exists when "'the central facts of each

3

plaintiff's claim arise on a somewhat individualized basis out of the same set of circumstances.'" Simmons v. Wyeth, 1996 WL 617492, at *3 (E.D. Pa. Oct. 24, 1996) (quoting In re Orthopedic Bone Screw Prods. Liab. Litig., 1995 WL 428683, at *1 (E.D. Pa. July 15, 1995)).

The common question of law or fact "prerequisite necessitates a 'very low threshhold.'" Miller v. Hygrade Food Prods. Corp., 202 F.R.D. 142, 144 (E.D. Pa. 2001) (citing Barnes v. American Tobacco Co., 161 F.3d 127, 141 n.15 (3d Cir. 1998)).  "Plaintiffs need only share one common question of law or fact."  Miller, 202 F.R.D. at 144 (citing Barnes, 161 F.3d at 140). "Courts in this Circuit have found that 'the same series of transactions or occurrences prerequisite under Rule 20 essentially consumes the second requirement that there arise a question of law or fact common to all joined parties.'" DirecTV, Inc. v. Chorba, No. Civ.A 3:CV-02-0843, 2003 WL 24178469, at *2 (M.D. Pa. Oct. 13, 2003) (quoting Norwood Co. v. RLI Ins. Co, 2002 WL 523946, at *3 (E.D. Pa. Apr. 4, 2002)).


IV.    DISCUSSION

It is apparent that each Plaintiff's claim is factually unique.  Mr. Bradley appears to dispute information Choicepoint recorded relating to a 2001 civil judgment, a 2001 federal tax lien, and 2000 and 2003 state tax liens -- all entered in Pennsylvania.  Ms. Abate disputes information related to a 2004 state tax lien in North Carolina.  Mr. Abusaab disputes information related to civil judgments from 2003 and 2004 entered in Pennsylvania.  Ms. Pires disputes information related to a 1999 civil judgment in Georgia, 2005 civil judgments in New Jersey, and

a state tax lien in Georgia.  Mr. Riley disputes information related to a 1999 civil judgment in

Virginia.  Mr. Shepard disputes information related to 2003 and 2004 civil judgments in Florida.

(Doc No. 20 at 6 n.3.)

Plaintiffs nonetheless believe that their joined claims against Choicepoint --  although

identical to their earlier, individual lawsuits -- are logically related:

> Every single Plaintiff had a major public record error placed on his or her
> credit report by Choicepoint in the first instance; every single Plaintiff
> disputed the error (some more than once); every single Plaintiff was run
> through choicepoint's CDV/ACDV system; every simple [sic] Plaintiff's
> false public record was "verified" by Choicepoint; the policies and
> practices that led to failure after failure were the same; the automated
> computer system was the same.

(Doc. No. 24 at 8.)  Virtually every FCRA case includes similar allegations respecting a credit

bureau's failure to record and report accurate information.  Indeed, if such errors warranted

joinder, there would scarcely be an individual claim brought under FCRA.  See Simmons, 1996

WL 617492 (E.D. Pa. Oct. 24, 1996) (similarity of Defendant's allegedly wrongful conduct

insufficient to warrant joinder).  Plaintiffs simply ignore that to establish Choicepoint's "failure

after failure," they would first have to prove each erroneous entry with different witnesses and

evidence.  Thus, Ms. Abate would have to prove that the information Choicepoint reported

respecting the North Carolina tax lien was erroneous; Mr. Riley would have to prove that the

information Choicepoint reported respecting the Virginia civil judgment was erroneous; each of

the remaining Plaintiffs would similarly have to present individual proof of Choicepoint's errors.

Plainly, there is no logical connection among these claims.

The cases Plaintiffs rely upon are inapposite.  For example, in <u>Sabolsky v. Budzanoski</u>, 100 members of the United Mineworkers of America sued their Union and their Union representatives to compel them to adhere to the Union's constitution.  457 F.2d 1245 (3d Cir. 1972).  That case thus involved a single claim brought by multiple plaintiffs – exactly the reverse of the situation that obtains here.

Nor am I convinced that the "pattern and practice" race discrimination cases cited by Plaintiffs require joinder here.  <u>See</u> <u>Miller v. Hygrade Food Prods. Corp.</u>, 202 F.R.D. 142 (E.D. Pa. 2001); <u>Brereton v. Commc'ns Satellite Corp.</u>, 116 F.R.D. 162 (D.D.C. 1987).  An employer's practice of discriminating against employees of the same race creates a clear, logical relationship among the resulting discrimination claims because the employer directed its wrongful actions at a single characteristic shared by all the plaintiffs. <u>See</u> <u>id.</u>; <u>see also</u> <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 1334 (8th Cir. 1974) (concluding "that a company-wide policy purportedly designed to discriminate against blacks in employment . . . arises out of the same series of transactions or occurrences.").  There is no such shared characteristic among the Plaintiffs here. On the contrary, the particulars of each Plaintiff's claim differs from that of the other Plaintiffs; no two claims arise "out of the same set of circumstances."  <u>Simmons</u>, 1996 WL 617492, at *3 (E.D. Pa. Oct. 24, 1996) (quoting <u>In re Orthopedic Bone Screw Prods. Liab. Litig.</u>, 1995 WL 428683, at *1 (E.D. Pa. July 15, 1995)).

Finally, Defendants observe that in usual circumstances, each Plaintiff would have brought his or her individual FCRA claim in a single action against all involved credit agencies.

6

Defendants suggest that Plaintiffs have brought the instant "collective" action against Choicepoint in a bad faith effort to increase the settlement value of their claims.  Although I will not presume Plaintiffs' bad faith, I am troubled by this attempt to join six unrelated claims, especially after the same Plaintiffs brought identical individual actions against other credit agencies.


**V.      CONCLUSION**

In these circumstances, Plaintiffs have not met the first part of the Rule 20(a) test: their claims do not arise from the same transactions or occurrences.  Accordingly, I will grant Defendants' Motion and sever the six Plaintiffs' joint Complaint into six individual claims pursuant to Fed. R. Civ. P. 21.  In light of my decision, I need not discuss whether Plaintiffs have met the second part of the Rule 20(a) test or the other arguments Defendants have raised.


An appropriate Order follows.

/s/ Paul S. Diamond

_____

**Paul S. Diamond, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **METHUSELAH Z.O. BRADLEY, et al.** | : | |
| | : | |
| | : | **Civ. Action No. 07-1255** |
| v. | : | |
| | : | |
| **CHOICEPOINT SERVICE, INC.** | : | |
| **AND CHOICEPOINT, INC.** | : | |
| | : | |

_____     **ORDER**

AND NOW, this 27th day of September, 2007, upon consideration of Defendant's Motion to

Sever Plaintiffs' Claims (Doc. No. 20), and Plaintiffs' Reply Brief (Doc. No. 24), it is hereby

**ORDERED** that Defendant's Motion for Severance is **GRANTED**.

IT IS FURTHER ODERED that:

1.  The action against the Defendants is severed into separate claims.

2.  Each individual Plaintiff shall no later than fourteen (14) days from the issuance of this order
file with this Court a new complaint naming Choicepoint Service, Inc. and Choicepoint, Inc. as
Defendants.

3.  The Plaintiff shall pay a separate filing fee for each of the amended complaints filed.

4.  All complaints will be deemed to have been filed as of March 28, 2007.

5.  The Plaintiff's original action 07-1255 shall remain open only with regard to Methuselah Z.O.
Bradley, and I will retain control of that case.  Plaintiff Bradley shall file within fourteen (14)
days an amended complaint striking the references to the other Plaintiffs.

6.  The five other Plaintiffs' new complaints shall be assigned separate civil action numbers, and randomly assigned to new judges pursuant to Local Rule of Civil Procedure 40.1

AND IT IS SO ORDERED.

/s/ Paul S. Diamond

_____

**Paul S. Diamond, J**